that the statements therein were not truthful and that insured was not acting in good faith.

4. FRAUDS, STATUTE OF, § 68*—*what contracts are in writing.* A policy of indemnity insurance which plainly indicates the parties and their obligations and is complete without resort to parol evidence is to be regarded as a contract in writing, though not signed by the insured, where the insured accepted it and assented to and acted on its terms.

5. TRIAL, § 199*—*when directed verdict unauthorized.* Where, in an action for premiums on an employer's liability insurance policy, an issue of fact arises as to the amount of wages, on which the premium is based, and a witness for plaintiff, defendant's former bookkeeper, testified from private memoranda of the pay rolls kept by him as to such amount, and a witness for defendant, who reported the pay rolls from which the premiums were computed, testified they were correct, a verdict is improperly directed for plaintiff.

-------

### Jennie H. Smeeth, Appellee, v. Michael Zimmer, Sheriff, Appellant.

### Gen. No. 18,208.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. EDWARD M. MANGAN, Judge, presiding.    Heard in the Branch Appellate Court at the October term, 1911.    Affirmed.    Opinion filed October 14, 1913.    Rehearing denied October 28, 1913.    *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action of replevin by Jennie H. Smeeth against Michael Zimmer, Sheriff of Cook county, to recover property levied on by defendant under an execution on a judgment against plaintiff's husband. From a judgment for plaintiff for a part of the property and for one cent damages, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

A. W. MARTIN, EDWARD H. S. MARTIN and JOHN
STELK, for appellant.

WINSTON, PAYNE, STRAWN & SHAW, for appellee;
JOHN D. BLACK and JOHN C. SLADE, of counsel.

MR. JUSTICE BARNES delivered the opinion of the
court.

## Abstract of the Decision.

1. REPLEVIN, § 78*—*sufficiency of bond.* Fact replevin bond runs
to sheriff instead of coroner who served the writ no ground for
dismissal of suit.

2. REPLEVIN, § 43*—*when demand before suit unnecessary.* De-
mand for return of the property before commencing suit, unneces-
sary where officer seized the property under an execution with full
notice of plaintiff's title.

3. TRIAL, § 198*—*when verdict may be directed on uncontro-
verted evidence.* In an action of replevin, an instruction directing
a verdict for plaintiff is not improper as taking away from the
jury the question. of credibility of witness, where the evidence in
support of plaintiff's title was not. contradicted by competent evi-
dence.

4. APPEAL AND ERROR, § 1572*—*when clerical error in entering
judgment will not reverse.* Misprision of clerk in failing to write
up a judgment in replevin so as to provide for the return of the
property to defendant in accordance with the verdict, *held* not
cause for reversal as it can be amended below.

---

Thomas Pedroff, Defendant in Error, v. Tony Vasil
et al., Plaintiffs in Error.

Gen. No. 18,473.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. PERRY L.
PERSONS, Judge, presiding. Heard in the Branch Appellate Court
at the October term, 1912. Affirmed. Opinion filed October 14, 1913.

*See Illinois Notes Digest, Vols, XI to XIV, same topic and section number.